UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Kennedy J. Hyde,**

          **Appellant,**

       -v-             **5:12-CV-614 (NAM)**

**Tracy Hope Davis, United States Trustee for**    **Bkr. Adv. Pro. 11-80008-6**
**Region 2, Ch. 7 Bkr. No. 08-62435**

          **Appellee.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Kennedy J. Hyde
18894-052
USP LEWISBURG
Inmate Mail/Parcels
P.O. BOX 2000
Lewisburg, PA 17837
Appellant, pro se

Office of the United States Trustee
Erin Champion, Esq.
10 Broad Street
Utica, New York 13501
Appellee

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    The parties have fully briefed this *pro se* appeal (Dkt. No. 1) from an Amended Order

dated March 27, 2012, issued by Diane Davis, United States Bankruptcy Judge, granting the

United States Trustee's motion for summary judgment in the adversary proceeding, *Tracy Hope*

*Davis, United States Trustee, v. Kennedy J. Hyde*, Bkr. Adv. Pro. 11-80008-6, and an Amended

Order dated March 27, 2012, revoking the debtor's discharge in his Chapter 7 Bankruptcy proceeding, *In Re Kennedy J. Hyde*, Bkr. No. 08-62435. (Bkr. Adv. Pro. No.11-80008-6, Dkt. Nos. 125, 126.) As set forth below, the Court denies the appeal and affirms the Bankruptcy Court's orders.

## APPLICABLE LAW

A proceeding to revoke a Chapter 7 discharge is brought as an adversary proceeding under section 7001(4) of the Federal Rules of Bankruptcy Procedure. Revocation is authorized by 11 U.S.C. § 727(d) which provides in part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]
> \*\*\*

Where a motion for summary judgment is made in an adversary proceeding in bankruptcy court, that court applies Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 7056. Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding a summary judgment motion, the court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Where, as here, the nonmovant is proceeding *pro se*, the court must read that party's papers liberally and interpret

2

them "to raise the strongest arguments that they suggest." *Id.* (citation omitted).

On an appeal from a bankruptcy court order, the district court reviews its findings of fact for clear error and its conclusions of law *de novo*. *See In re Bayshore Wire Prods*., 209 F.3d 100, 103 (2d Cir. 2000).

## BACKGROUND

On October 6, 2008, the debtor filed in the Northern District of New York a voluntary *pro se* petition for Chapter 7 relief, stating that he resided in New York State. He filed bankruptcy schedules, signed under penalty of perjury, representing that he had assets worth $2,025, and no checking, savings, or other financial accounts, and that his liabilities were $8,331.17 unsecured priority debt and $27,890.21 general unsecured debt. On November 17, 2008, he attended a meeting of his creditors under 11 U.S.C. § 341, at which he testified under oath to the truth and accuracy of his bankruptcy schedules and statements. He also filed a domestic support obligation form showing an obligation to pay child support through NYS Processing Center. On May 24, 2010, his debts were discharged and on June 23, 2010, the Chapter 7 case was closed.

Thereafter, the Chapter 7 Trustee received a notice from the Oneida County Support Collection unit that it was in the process of filing a violation petition against Kennedy Hyde, and attaching a copy of a bank check from an Ohio bank for $50,948.22, dated April 26, 2010, made payable to Kennedy Hyde. The Chapter 7 Trustee obtained information that the debtor resided in Ohio and had been employed with GKN Aerospace in Cincinnati since October 6, 2008. The trustee also obtained evidence that, from November 2008 through August 2009, the debtor had a bank account opened in the name of his sister, into which GKN Aerospace made bi-weekly direct deposits of the debtor's paychecks.

On February 2, 2011, the United States Trustee filed the complaint in the instant adversary proceeding to revoke and deny the debtor's discharge. On February 16, 2012, the United States Trustee moved for summary judgment, and on March 8, 2012, Judge Davis heard oral argument on the motion. The debtor appeared at the oral argument. He acknowledged that his employer made direct deposits into the bank account in Ohio. At the close of the hearing, Judge Davis found that the United States Trustee had proven that the debtor had obtained the discharge through fraud within the meaning of 11 U.S.C. § 727(d)(1), based on evidence that the debtor concealed $50,948.22; that he concealed his true residency in Ohio; that he owned a bank account at an Ohio bank into which his paychecks were deposited; and that he concealed ownership of that bank account by holding it in the name of his sister. Judge Davis further found that the United States Trustee had proven that the debtor had "acquired property that is property of the estate," and knowingly and fraudulently failed to report that property or to deliver it to the trustee, in violation of 11 U.S.C. § 727(d)(2). Upon finding that the debtor failed to raise a genuine dispute as to any material fact, Judge Davis granted summary judgment.

Judge Davis issued an Order dated March 14, 2012, and an Amended Order dated March 27, 2012, granting the United States Trustee's motion for summary judgment in the adversary proceeding, and an Order dated March 14, 2012 and an Amended Order dated March 27, 2012, revoking the debtor's discharge in his Chapter 7 Bankruptcy proceeding. The debtor now appeals to this Court.

**THIS APPEAL**

The debtor's principal argument on appeal is that he was denied his right to a jury trial in the adversary proceeding. The Seventh Amendment right to a trial by jury "is not violated by an

4

award of summary judgment where ... there are no disputed issues of material fact." *McClamrock v. Eli Lilly and Co.*, 2012 WL 5951842, *1 (2d Cir. Nov. 29, 2012) (citing *Benjamin v. Traffic Exec. Ass'n E. R.R.*, 869 F.2d 107, 115, n.11 (2d Cir.1989)). Judge Davis correctly found that there was no disputed issue of material fact; accordingly, the debtor had no right to trial by jury. The Court does not reach the other issues concerning the debtor's right to a jury trial.

In the instant case, Judge Davis correctly held that the United States Trustee established that the debtor had obtained the discharge through fraud, and had knowingly and fraudulently failed to report or deliver to the trustee property "that is property of the estate" in violation of 11 U.S.C. § 727(d)(1) and (2).[1] Judge Davis further correctly held that the debtor failed to raise a material question of fact requiring a trial. Therefore, upon *de novo* review, and giving the debtor all the benefit to which his *pro se* status entitles him, the Court holds that summary judgment was proper as a matter of law. The other issues raised by the debtor lack merit.

**CONCLUSION**

It is therefore

ORDERED that the appeal (Dkt. No. 1) is denied; and it is further

ORDERED that the Amended Order dated March 27, 2012 granting the United States Trustee's motion for summary judgment in the adversary proceeding, *Tracy Hope Davis, United States Trustee, v. Kennedy J. Hyde*, Bkr. Adv. Pro. 11-80008-6, and the Amended Order dated March 27, 2012, revoking the debtor's discharge in his Chapter 7 Bankruptcy proceeding, *In Re Kennedy J. Hyde*, Bkr. No. 08-62435 (Bkr. Adv. Pro. No.11-80008-6, Dkt. Nos. 125, 126) are

---

[1] After a criminal trial in which Kennedy Hyde testified in his own defense and the Government principally relied on the same evidence relied upon by Judge Davis in the instant adversary proceeding, a jury convicted the debtor of two counts of providing false information during the course of his bankruptcy proceeding. *See United States v. Kennedy J. Hyde*, 5:11-CR-420.

affirmed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

April 10, 2013
Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge